UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LYNDA WHEELER,

                Plaintiff,

vs.

ENDEAVOR AIR INC. d/b/a DELTA
CONNECTION and DELTA AIR LINES,
INC.,

                Defendants.

Civil Action No. 5:24-cv-467 (DNH/TWD)

**COMPLAINT & JURY TRIAL DEMAND**

Plaintiff, LYNDA WHEELER, by and through her attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., as and for her Complaint and Jury Trial Demand against Defendants, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION and DELTA AIR LINES, INC., alleges as follows:

## JURISDICTION

1. This Court has original subject matter jurisdiction over the claims presented in this Complaint pursuant to 28 U.S.C. § 1332.

2. This is a civil action between citizens of different states, as described below.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as described below.

## VENUE

4. The Northern District of New York is a proper venue for this action pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2).

{S2008966.1}

5. Upon information and belief, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, transacts business in the Northern District of New York; and the flight in question upon which the instant cause of action arose was traveling from Syracuse Hancock International Airport at 1000 Col. Eileen Collins Boulevard, Syracuse, within the County of Onondaga and the State of New York.

6. Upon information and belief, Defendant, DELTA AIR LINES, INC., transacts business in the Northern District of New York; and the flight in question upon which the instant cause of action arose was traveling from Syracuse Hancock International Airport at 1000 Col. Eileen Collins Boulevard, Syracuse, within the County of Onondaga and the State of New York.

7. Upon information and belief, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, maintains its principal executive office at 7500 Airline Drive, Minneapolis, within the County of Hennepin and the State of Minnesota.

8. Upon information and belief, Defendant, DELTA AIR LINES, INC., maintains its principal executive office at 1030 Delta Boulevard, Atlanta, within the County of Clayton and the State of Georgia.

9. Onondaga County is within this Court's territorial jurisdiction. 28 U.S.C. § 112 (a); 28 U.S.C. § 1391 (b).

10. A substantial portion of the events giving rise to this personal injury claim occurred within the Northern District of New York and more specifically within the County of Onondaga. 28 U.S.C. § 1391 (b).

## PARTIES

11. Plaintiff, LYNDA WHEELER (hereinafter "Plaintiff"), is an adult individual who is a resident of the State of Arizona.

{S2008966.1}

12. Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, is a foreign corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Minnesota, and authorized to do business in the State of New York.

13. Defendant, DELTA AIR LINES, INC., is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and authorized to do business in the State of New York.

14. At the time of the events complained of herein, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, was a common carrier engaged in the business of transporting passengers for hire by air.

15. At the time of the events complained of herein, Defendant, DELTA AIR LINES, INC., was a common carrier engaged in the business of transporting passengers for hire by air.

16. In furtherance of said business, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, operates regularly scheduled commercial airline flights to and from the City of Syracuse and State of New York.

17. In furtherance of its business as a common carrier of passengers by air, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, transacts business on behalf of DELTA AIR LINES, INC.

18. In furtherance of its business as a common carrier of passengers by air, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, operates as Delta Connection and, in that capacity, is thus a regional carrier operating its aircraft for the sole benefit of Defendant, DELTA AIR LINES, INC.

## FACTUAL BACKGROUND

19. On or about December 20, 2021, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, operated and controlled a certain jet aircraft ("the subject aircraft") designated as Delta Airlines Flight 4751 from Syracuse, New York (SYR) to Detroit, Michigan (DTW) (the "subject flight").

20. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about December 20, 2021, Defendant, DELTA AIR LINES, INC. operated and controlled the subject flight.

21. On or about December 20, 2021, Plaintiff was a fare-paying passenger lawfully aboard the subject flight.

22. On or about December 20, 2021, and for some time prior thereto, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, controlled, owned, serviced, maintained, repaired, and/or operated the subject aircraft.

23. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about December 20, 2021, Defendant, DELTA AIR LINES, INC., controlled, owned, serviced, maintained, repaired, and/or operated the subject aircraft.

24. On or about December 20, 2021, Defendant, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION, employed a flight and cabin crew responsible for the safe and secure operation of its flights and the safety and well-being of its passengers.

25. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about December 20, 2021, Defendant, DELTA AIR LINES, INC., employed a flight and cabin crew responsible for the safe and secure operation of its flights and the safety and well-being of its passengers.

26. On or about December 20, 2021, during the course of subject flight, while taxiing to the runway, Plaintiff was a seated, belted passenger aboard the subject aircraft.

27. On or about December 20, 2021, while taxiing to the runway, as a result of negligent operation by the flight crew, the subject aircraft suddenly, violently, and abruptly stopped causing cabin crew to be thrown within the subject aircraft's isle and caused the passengers of the subject aircraft to be violently jolted forward.

28. Plaintiff was severely injured and sustained aggravation of a previous injury on December 17, 2021, an acute L3 compression fracture which became a burst compression fracture, requiring emergency surgery when the previous treatment plan was limited to conservative care only, solely as a result of Defendants' negligence.

29. Plaintiff's injuries are significant and permanent, resulting in excruciating pain and suffering, past and future pain and suffering, and past and future medical bills.

## COUNT I

### Negligence

30. Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "29" of this Complaint as if set forth here.

31. On or about December 20, 2021, Plaintiff was a seated, belted passenger aboard the subject aircraft.

32. On or about December 20, 2021, while taxiing to the runway, Defendants negligently operated the subject aircraft causing the subject aircraft to come to a sudden, violent, and abrupt stop.

33. As a result of the sudden, violent, and abrupt stop, Plaintiff was jolted forward in her seat causing her to suffer an aggravation of a pre-existing injury along with other severe and permanent injuries.

{S2008966.1}

34. As a direct and proximate result of the foregoing, Plaintiff sustained serious, painful, and permanent physical and emotional injuries.

35. As a direct and proximate result of the foregoing, Plaintiff has incurred medical and hospital expenses and excruciating pain and suffering.

36. As a direct and proximate result of the foregoing, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

37. As a direct and proximate result of the foregoing, Plaintiff was deprived of her enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

**WHEREFORE**, Plaintiff, LYNDA WHEELER, requests that this Court grant it judgment against Defendants, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION and DELTA AIR LINES, INC., in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: April 3, 2024         **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**

By: _____
Edward J. Smith, III, Esq.
*Attorneys for Plaintiff*
250 S. Clinton Street, Suite 600
Syracuse, New York 13202
Telephone (315) 474-2911

{S2008966.1}

TO:    ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION
       7500 Airline Drive
       Minneapolis, Minnesota 55450

       DELTA AIR LINES, INC.
       1030 Delta Boulevard
       Atlanta, Georgia 30354

{S2008966.1}